Marvin C. Ruth (024220)
Andrew T. Fox (034581)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004
Telephone:  (602) 381-5462
Facsimile:  (602) 224-6020
mruth@cblawyers.com
afox@cblawyers.com

Lionel M. Lavenue (*pro hac vice forthcoming*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**
1875 Explorer Street
Reston, VA 20190-6023
Telephone:    (571) 203-2700
Facsimile:    (571) 203-2777

*Attorneys for Applicant Bayerische Motoren Werke AG*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Ex Parte Application of Bayerische Motoren Werke AG<br><br>            Applicant,<br><br>for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding. | Case No.<br><br>**EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A) TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW** |

Applicant Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") submits this Ex Parte Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) from Microchip Technology Inc. ("Microchip"). Discovery sought pursuant to 28 U.S.C. §1782 may be authorized on an ex parte basis. *See In re Roebers*, 2012 WL 2862122 *2 (N.D. Cal. July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas))); *see also In re Letter of Request,* 2022 WL 657398, at *1-*2 (D. Ariz. Mar. 4, 2022) (granting ex parte request for discovery under § 1782).

BMW AG seeks an order to authorize subpoenas requiring Microchip to provide specific documents and make itself available for a deposition for use in connection with a patent infringement action in Germany, and a corresponding nullity action.

This application is supported by the memorandum of points and authorities below, the Declaration of Lionel Lavenue ("Lavenue Decl."), and the Declaration of Prof. Dr. Tilman Müller-Stoy ("Müller-Stoy Decl."), filed concurrently herewith. The document and deposition requests and topics proposed to be served on Microchip in substantially similar form are attached to this application as Exhibits A and B, respectively.

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND.................................................................................3

    A.    The Parties and the German Proceeding............................................................3

    B.    BMW AG's Proposed Discovery ......................................................................4

III. LEGAL ARGUMENT............................................................................................5

    A.    BMW AG's Application Satisfies Section 1782's Statutory Requirements ..........................................................................................................5

    B.    The *Intel* Discretionary Factors Weigh in Favor of Granting BMW AG's Application ...........................................................................................9

        1.    Microchip is Not a Participant in the Arigna German Action..........10

        2.    German Courts are Receptive to Information Obtained Through United States Discovery .................................................................10

        3.    BMW AG is not Attempting to Circumvent German Proof-Gathering Restrictions or Policies ...................................................12

        4.    The Scope of Information BMW AG Seeks is Commensurate with the Information's Relevance to the German Proceedings and Will not Unduly Burden Microchip..................................................13

IV. CONCLUSION......................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Application of Sveaas*,
    249 F.R.D. 96 (S.D.N.Y. 2008) ...............................................................................6

*Conopco, Inc. v. Warner-Lambert Co.*,
    2000 WL 342872 (D.N.J. Jan. 26, 2000) ..................................................................7

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
    2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ....................................................9, 10, 11

*In re Del Valle Ruiz*,
    342 F. Supp. 3d 448 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz*, 939
    F.3d 520 (2d Cir. 2019) ............................................................................................9

*In re Esses*,
    101 F.3d 873 (2d Cir. 1996) ...................................................................................13

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995) ...................................................................................11

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011) ............................................................................10, 11

*High Point Sarl v. Sprint Nextel Corp.*,
    2011 WL 3241432 (D. Kan. Jul. 29, 2011) .............................................................8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ........................................................................................ *passim*

*Koninklijke Philips N.V. v. Wangs Alliance Corp.*,
    2018 WL 283893 (D. Mass. Jan. 2, 2018) ...............................................................7

*In re Letter of Request*
    2022 WL 657398, at *1-*2 (D. Ariz. Mar. 4, 2022) ................................................6

*In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*,
    16 F.3d 1016 (9th Cir. 1994) ...................................................................................5

*Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc.*,
    2007 WL 963975 (Mar. 30, 2007) ...........................................................................7

*Matter of Lufthansa Technik AG*,
    2019 WL 331839 (W.D. Wash. Jan. 25, 2019) .......................................................9

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015) ..................................................................................... 11, 12

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
    2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) .......................................................... 6, 11

*In re MSTG, Inc.*,
    675 F.3d 1337 (Fed. Cir. 2012) ........................................................................................ 7

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) ....................................................................................................... 13

*Siemens AG v. Western Digital Corp.*,
    2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) ................................................................. 10

*In re Varian Med. Sys. Int'l AG*,
    2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ................................................................. 6

*Via Vadis Controlling GmbH v. Skype, Inc.*,
    2013 WL 646236 (D. Del. 2013) .................................................................................... 11

**Federal Statutes**

28 U.S.C. § 1782 ..................................................................................................... *passim*

28 U.S.C. § 1782(a) ................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 45 ........................................................................................................ 5, 13

## I. INTRODUCTION

Applicant BMW AG submits this Ex Parte Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a). BMW AG seeks an order to authorize subpoenas requiring Microchip Technology Incorporated ("Microchip") to provide specific documents and make themselves available for a deposition for use in connection with a patent infringement action in Germany filed by an Irish patent assertion entity, and a corresponding nullity action.[1]

BMW AG is a world-renowned innovator and manufacturer of premium automobiles and motorcycles. It designs and manufactures motor vehicles, parts, and accessories for sale worldwide. It is also the ultimate parent company of New Jersey-based BMW of North America, LLC, which distributes BMW-branded automobiles throughout the United States, and South Carolina-based BMW Manufacturing Co., LLC, which manufactures BMW-branded vehicles for sale in the United States and worldwide.

On the other hand, Microchip's predecessor in interest (Atmel) obtained the patent-at-issue and, later, Microchip sold the patent-at-issue to an Irish entity called Sonrai Memory Limited ("Sonrai"), who in turn sold it to another Irish entity called Arigna Technology Limited ("Arigna"). Lavenue Decl., at Ex. 1, 2. According to public representations from Arigna, Microchip and Arigna maintain a "partnership" regarding the enforcement of the patent-at-issue, and Arigna enforces its patents "[w]ith Microchip's assistance. . . .". Lavenue Decl., at Ex. 3, ¶¶10-11.

Atlantic IP, which includes U.S.-based Atlantic IP Services LLC and Ireland-based Atlantic IP Services LLC, is patent monetization that manages Arigna and other patent assertion entities. Arigna was formed in late 2020 and is closely related to Atlantic IP—for example, Atlantic IP and Arigna share two directors, Gerald Padian and Ciaran O'Gara, and

---

[1] A German nullity action is the equivalent of an invalidity defense or counterclaim in the U.S. but is filed as a separate lawsuit.

Arigna and Atlantic IP share employees through a secondment agreement. *See* Lavenue Decl., at Ex. 4. Atlantic IP manages a number of assertion entities, including Arigna.

The diagram below depicts the relationship between Arigna and related entities[2]:



Arigna has filed a series of patent litigations against BMW AG (and many other automobile companies), including three in the Eastern District of Texas, one in the International Trade Commission (ITC), and, most recently, one in Germany. Additionally, Arigna has licensed the U.S.-equivalent of the patent Arigna asserts in Germany to Microchip.

In the context of this coordinated, global patent assertion campaign orchestrated by Arigna and its affiliates, BMW AG comes to the United States seeking targeted and routinely granted discovery pursuant to § 1782, to help it defend itself in the German lawsuit Arigna filed against BMW AG. For example, BMW AG seeks documents and information relevant at least to BMW AG's accounting and damages, value-in-dispute, non-infringement,

---

[2] *See, e.g.*, https://www.atlanticips.com/company-overview; https://www.atlanticips.com/our-team; https://www.linkedin.com/in/richard-tashjian-18691a8; https://www.linkedin.com/in/geraldpadian; https://www.magnetar.com/who-we-are/leadership/jim-prusko.

invalidity/nullity, exhaustion, and standing defenses in Germany.

This information is critical to BMW AG's defenses against Arigna's patent infringement allegations, yet it is unavailable in Germany, because Germany does not allow U.S.-like discovery in its civil cases and German courts cannot compel production of highly relevant documents and information. Thus, BMW AG seeks an order to authorize subpoenas requiring Microchip to provide specific documents and make itself available for a deposition for use in connection with the new patent infringement action filed by Arigna.

For the reasons discussed below, BMW AG satisfies the statutory requirements of § 1782(a). And the factors that influence a court's discretion to allow such discovery weigh in favor of granting BMW AG's Application. Accordingly, the Court should grant BMW AG's Application under § 1782(a).

## II.    FACTUAL BACKGROUND

### A.    The Parties and the German Proceeding

BMW AG is a world-renowned innovator and manufacturer of premium automobiles and motorcycles. It designs and manufactures motor vehicles, parts, and accessories for sale worldwide. BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany.

Microchip, headquartered in Chandler, AZ, is a provider of smart, connected, and secure embedded control solutions. Its principal place of business is located at 2355 West Chandler Blvd., Chandler, AZ, 85224-6199, USA. On information and belief, Microchip maintains a license to the patent-at-issue owned by Arigna (or at least its U.S.-equivalent) and is a "partner" in Arigna's global patent enforcement efforts. Lavenue Decl., at Ex. 3, ¶¶10-11.

Beginning in February 2021, Microchip's "partner" Arigna has filed a total of five lawsuits against BMW AG:

1) E.D. Tex. Case No. 2:21-cv-00054 on February 28, 2021, accusing BMW AG of infringing U.S. Patent. Nos. 7,397,318 and 8,247,867 ("E.D Tex. 1");

2) E.D. Tex. Case No. 2:21-cv-00172 on May 20, 2021, accusing BMW AG of infringing U.S. Patent No. 7,049,850 ("E.D Tex. 2");

3) E.D. Tex. Case No. 2:21-cv-00173 on May 20, 2021, accusing BMW AG of infringing U.S. Patent. No. 8,289,082, the U.S. equivalent of the patent Arigna now asserted in Germany ("E.D Tex. 3");

4) ITC Investigation No. 337-TC-1267 on May 21, 2021, accusing BMW AG of infringing the '867 and '082 patents ("ITC Investigation"); and

5) Munich, Germany Case No. 440403/22, on January 11, 2022, accusing BMW AG of infringing German Patent No. DE 10 2009 060 504 B4 the German equivalent of the '082 patent Arigna asserts in E.D. Tex. 3 and the ITC Investigation (the "Arigna German Action").[3]

In this new Arigna German Action, Arigna accuses BMW's Plug-In Hybrid vehicles that allegedly contain an accused Analog Devices AD8418 chipset, of infringing on German Patent DE 10 2009 060 504 B4 ("DE 504"). In response to the new Arigna German Action, BMW AG is preparing a nullity action to invalidate DE 504.

### B. BMW AG's Proposed Discovery

BMW AG seeks specific information from Microchip that is highly relevant to BMW AG's noninfringement, invalidity/nullity, accounting and damages, value-in-dispute, and procedural positions in the Arigna German Action. However, German proceedings do not provide discovery processes, such as those available in American courts, which would allow BMW AG to obtain this important information from Microchip. BMW AG accordingly seeks targeted discovery here. The discovery requests BMW AG seeks leave to serve on Microchip are attached to this application as **Exhibits A** and **B**, for documents and deposition testimony, respectively. In particular, BMW AG seeks documents and information about:

1) Microchip's knowledge of assignments, agreements, contracts, settlements, proposals, or licenses relating to DE 504 or the '082 patent, including any agreements between Microchip and Sonrai and/or Arigna;

2) The monetary value Microchip places or placed on the Asserted Patent and Related Applications.

3) Microchip's involvement in Arigna's litigation efforts for DE 504 or the '082 patent against BMW AG, including any knowledge regarding the DE 504 or the

---

[3] The original complaint in the Arigna German Action and an English-language translations are attached as Exhibits 9 and 10 to the accompanying Lavenue Decl.

- 4 -

'082 patent or communications with Arigna or Arigna's affiliated companies or investors regarding the same;

4) Any comparison of DE 504 or the '082 patent to any model or version of the Microchip ATMXT540S maXTouch controller or any evaluation, assessment, testing, opinion, or analysis of whether and how the Microchip ATMXT540S maXTouch controller or any other Microchip practices or embodies the inventions allegedly claimed by DE 504 or the '082 patent; and

5) The conception, reduction to practice, and prosecution of the alleged invention disclosed in the DE 504 or the '082 patent, including any prior art.

See Ex. A, B.

This information has not been produced in the Arigna German Action, yet it is critical for BMW AG's arguments and defenses. *See* Müller-Stoy Decl. ¶¶ 16-17.

## III.  LEGAL ARGUMENT

### A.  BMW AG's Application Satisfies Section 1782's Statutory Requirements

Section 1782 was designed to assist litigants in gathering evidence for use in foreign tribunals. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Discovery under § 1782 is as broad as discovery obtained during ordinary district court litigation. *See In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994); *see also* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). Moreover, "[s]ection 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings," but allows discovery for use in foreign proceedings that have not yet commenced. *Intel*, 542 U.S. at 258. Section 1782 provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Based on the language of § 1782, for this Court to grant such a request: (1) the request must be made by a "foreign or international tribunal" or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the court ruling on the application for assistance. *In re Letter of Request* 2022 WL 657398, at *1. BMW AG's request for discovery meets each of these statutory requirements.

<u>First</u>, BMW AG is the defendant in the Arigna German Action and potential damages actions, and an expected plaintiff in the DE 504 nullity action and the opposition proceedings with the Opposition Division of the European Patent Office (EPO). Consequently, it is an "interested person." *See Intel*, 542 U.S. at 256 (2004) ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782").

<u>Second</u>, this request seeks evidence from Microchip. More specifically, this application seeks discovery requests and deposition topics from Microchip as seen in Exhibits A and B.

<u>Third</u>, the documents and deposition testimony requested are "for use" in the German proceeding. The "for use" requirement imposes a de minimis burden on the applicant to show that the requested discovery has some relevance to the foreign proceeding. *See In re Application of Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (the standard for relevance is "broadly permissive"). The discovery BMW AG seeks is "for use in a proceeding before a foreign tribunal." Courts generally consider German courts "tribunals" under § 1782. *See In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016); *Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, 2008 WL 3884374, at *7 (N.D.N.Y. Aug. 18, 2008). In fact, "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings," but allows discovery for use in foreign proceedings that have not yet commenced. *Intel*, 542 U.S. at 258. Accordingly, BMW AG seeks discovery for use in the Arigna German Action (and related nullity proceeding) before the German court, a foreign tribunal.

The requested discovery also has relevance to the foreign proceeding. For example, information regarding sale, purchase, license, settlement agreements and negotiations, will enable BMW AG to challenge Arigna's Germany value-in-dispute claims and more fairly calculate a reasonable royalty rate for any licenses of the Asserted Patent.[4] German courts use the value-in-dispute to calculate attorneys' fees granted as a rule at the end of the case and, despite accusing thousands of BMW vehicles of infringement in Germany, Arigna has represented to the German court that the value-in-dispute is only 1M €. Müller-Stoy Decl. ¶ 16. On information and belief, Arigna actually values the litigation much higher. Moreover, the value of DE 504, as evidenced by its sale/purchase price and reasonable royalties paid for its use, is one measure German courts use to determine the value-in-dispute. *Id.*

Previous licenses, licensing attempts, purchase agreements, and negotiations and internal documentation related to the same (discoverable by examining Microchip's relevant communications and documents) are also relevant to commercial/market success of DE 504, which German courts examine when evaluating the inventive step of a patent to decide its validity. *See* Lavenue Decl., Ex. 5 at 10; Ex. 6 at 10. Moreover, Microchip may have made statements regarding claim scope, patent value, or patent strength during or about licensing and purchase negotiations that may be relevant. *See Conopco, Inc. v. Warner-Lambert Co.*, 2000 WL 342872, *6 (D.N.J. Jan. 26, 2000).

Continuing through the Arigna German Action without this information would be unfair to BMW AG, which is why courts dependably find licensing, and communications surrounding licensing, discoverable. *See In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (licensing negotiations discoverable); *Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975 (Mar. 30, 2007); *Koninklijke Philips N.V. v. Wangs Alliance Corp.*, 2018 WL 283893, at *5 (D. Mass. Jan. 2, 2018) (licensing correspondence "is relevant

---

[4] Germany bifurcates liability and damages portions of patent trials, with the damages phase of trial beginning only if liability is found. Müller-Stoy Decl. ¶ 8. Nevertheless, discovery into damages issues in the Arigna German Action is appropriate at least because § 1782 allows discovery for use in foreign proceedings that have not yet commenced. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004).

not only for invalidity and infringement but also damages"); *High Point Sarl v. Sprint Nextel Corp.*, 2011 WL 3241432, *5 (D. Kan. Jul. 29, 2011) ("Other courts have found a patent holder's correspondence with third parties related to licensing negotiations to be relevant in patent infringement suits. Courts have found it relevant to ascertaining the extent of liability formulating an appropriate litigation strategy, infringement and validity of the patents at issue, whether prior licenses are comparable, and calculation of reasonable royalty.").

Additionally, the assignment histories of the DE 504 are relevant to Arigna's standing to sue BMW AG. Under German law, only the patent proprietor registered in the patent register is generally authorized to initiate legal proceedings. Müller-Stoy Decl. ¶¶ 9, 17. When a patent has been transferred and the new proprietor of the patent asserts, in its own name, claims for damages, claims for information and accounting, claims for recall, or claims for destruction of the infringing items covering a period before the new patent proprietor was registered in the patent register, the new patent proprietor must prove that these claims have been assigned to the new patent proprietor. *Id*. The necessary proof includes proving that those who executed any assignments had the signatory authority to do so. *Id*. If the assignment of patent rights was part of a foreign transaction, the German court must also determine that the assignment complied with the relevant foreign law. *Id*.

Moreover, information related to products that allegedly embody the patented invention is important to invalidity and noninfringement arguments. First, public use or sale of products embodying DE 504 before it was filed anticipates the patent and invalidates it. Müller-Stoy Decl. ¶ 18. Second, a patent is less likely to be found invalid as lacking an inventive step if products that embody the patent are profitable (and vice versa), because commercial success indicates that the patented technology is inventive. *Id.* So, technical and marketing information regarding Microchip's products that embody the asserted patent or its U.S.-equivalent— especially those that may have been sold before the filing dates of the asserted patent—is highly relevant for BMW AG's invalidity arguments, and Microchip's belief that any Microchip products practice DE 504 is highly relevant to claim scope, and thus, noninfringement defenses.

In addition, information relating to the alleged conception of DE 504 is relevant to define the proper scope of the patent. Müller-Stoy Decl. ¶ 19.

For at least these reasons, the information BMW AG seeks is highly relevant to the Arigna German Actions, not privileged, and should be produced. Thus, the documents and deposition testimony requested are "for use" in the German proceeding.

Fourth, BMW AG seeks discovery from a District of Arizona resident. Microchip, headquartered in Chandler, AZ, is a provider of smart, connected, and secure embedded control solutions. Lavenue Decl., Ex. 7 at 1. Its principal place of business is located at 2355 West Chandler Blvd., Chandler, AZ, 85224-6199, USA. Lavenue Decl., Ex. 8 at 1; *see also* Arizona Corporation Commission Records re Microchip attached as **Exhibit C**. Thus, Microchip is found in the District of Arizona for § 1782 purposes. *See, e.g.*, *Cryolife*, 2009 WL 88348, *2 (finding "resides or is found" requirement satisfied where the target of discovery had its principle place of business in the district in which the action is brought); *Matter of Lufthansa Technik AG*, 2019 WL 331839, at *1 (W.D. Wash. Jan. 25, 2019) (holding that target of discovery "resides in this district or can be found in this district" where it had a "main office" in Kirkland, Washington); *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 459 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz,* 939 F.3d 520 (2d Cir. 2019) (finding that a corporation, which maintained its principal place of business within the district, satisfied statutory "resides or is found" within district requirement for discovery order).

BMW AG's Application therefore satisfies the statutory requirements for a § 1782 application.

### B. The *Intel* Discretionary Factors Weigh in Favor of Granting BMW AG's Application

In *Intel*, the Supreme Court provided a non-exhaustive list of factors that district courts can consider when deciding whether to grant Section 1782 applications: (1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "[T]he nature of the foreign tribunal, the character of the

proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) Whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65. In this case, the four factors favor granting discovery.

### 1. Microchip is Not a Participant in the Arigna German Action

The first *Intel* factor favors applications seeking discovery from non-parties to the foreign tribunal. *See* 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid."). In *Intel*, the Supreme Court expressed its concern that a party to a foreign litigation would use Section 1782 to obtain evidence that it could have obtained through foreign procedure in the foreign tribunal. *Id.* Microchip is not a participant in the Arigna German Action, so this factor favors BMW AG's application. *See, e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, 2009 WL 88348, at *2–3 (N.D. Cal. Jan. 13, 2009) (finding the first *Intel* factor neutral with respect to litigation in German courts); *Siemens AG v. Western Digital Corp.*, 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (same).

### 2. German Courts are Receptive to Information Obtained Through United States Discovery

A decision to grant a 1782 application should "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. The question for the second *Intel* factor is not whether the petitioner could obtain discovery in the foreign tribunal, but whether the German court would reject the information the petitioner seeks. *See id.* at 260 ("Beyond shielding material safeguarded by an

applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, this factor weighs in favor of granting a Section 1782 petition. *See Cryolife*, 2009 WL 88348, at *3' *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782"); *Via Vadis Controlling GmbH v. Skype, Inc.*, 2013 WL 646236, at *2 (D. Del. 2013) ("As the parties opposing discovery, Respondents bear the burden of proof on this issue.").

Importantly, many cases recognize the receptiveness of the German courts to the use of discovery obtained through Section 1782. *See, e.g.*, *Cryolife, Inc. v. Tenaxis Med., Inc.*, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) (concluding that the second *Intel* factor weighed in favor of discovery where there was "no basis to conclude that the German court would be unreceptive to the information requested by [the applicant]."); *Mees v. Buiter,* 793 F.3d 291, 303 (2d Cir. 2015); *Minatec Fin. S.A.R.L. v. SI Group Inc.*, 2008 WL 3884374, at *7 (N.D.N.Y. Aug. 18, 2008) ("[W]e find neither any rejection nor offense taken by the German tribunals to a stateside discovery order.") *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011) ("And there is no indication that the German court . . . would refuse to admit evidence that Heraeus obtained through U.S. discovery and could not have obtained by utilizing the procedures of German law for evidence gathering.").

Thus, German courts are generally receptive to information obtained through Section 1782 applications. Müller-Stoy Decl. ¶¶ 24-25. And the German courts presiding over the German proceeding have given no indication that they would not consider evidence produced in response to a subpoena under § 1782. *Id.*

Here, BMW AG seeks information highly relevant to its noninfringement, invalidity/nullity, value-in-dispute, and procedural arguments. For example, and as explained above, Microchip's efforts to sell and license the DE 504 and its U.S. equivalent are relevant

to BMW AG's damages and value-in-dispute arguments. In Germany, attorneys' fees are granted to the victor in litigation by rule. Müller-Stoy Decl. ¶ 16. To determine the amount of attorneys' fees, the court references a chart based on the litigation's value. *Id.* The value-in-dispute in a patent infringement action is, in turn, based on the value of the asserted patent for the plaintiff in the case, as demonstrated by the royalty rates it demands from its licensees, its purchase of the patent, and its settlement demands. *Id.* Therefore, agreements and negotiations regarding licensing and purchasing the asserted patent are relevant to BMW AG's positions in the Arigna German Action. *Id.,* ¶¶ 16, 18.

As discussed above, the assignment records and history of DE 504 are relevant because it is also critical for BMW AG to verify whether Arigna has the right to sue under German law. *Id.* at ¶ 17. And, the conception of DE 504 is relevant to BMW AG's validity and claim construction arguments in the Arigna German Action because this information will evidence whether Arigna properly identified the inventor of the Asserted Patent and whether Arigna is construing the claims consistently with the scope of the conceived invention. *See id*. at ¶ 19.

Thus, the second *Intel* factor favors this Court's granting BMW AG's Application.

   **3.** **BMW AG is not Attempting to Circumvent German Proof-Gathering Restrictions or Policies**

Under Section 1782, the documents and testimony sought do not need to be discoverable in the foreign court. *See Intel*, 542 U.S. at 260–63; *Mees*, 793 F.3d at 303 ("§ 1782 contains no foreign-discoverability requirement."). Furthermore, "a district court may not refuse a request for discovery pursuant to § 1782, because a foreign tribunal has not yet had the opportunity to consider the discovery request." *In re Application for an Ord. Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997). It is in this context that the district court should consider whether the petitioner is seeking "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *See Intel*, 542 U.S. at 265. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court

refrain from granting the assistance offered by the act." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) (internal quotations omitted).

Dr. Müller-Stoy's Declaration establishes that German courts will accept the discovery BMW AG seeks. Müller-Stoy Decl. ¶ 27. In addition, there can be no ambiguity that this application is brought in good faith. As demonstrated above, Microchip is uniquely positioned to provide relevant documents and information related to the discovery requests and deposition topics. This application is a critical component of marshalling the proof needed to succeed on claims of patent infringement (and nullification) and, therefore, there can be no dispute that BMW AG is proceeding in good faith. Thus, this factor weighs in favor of this Court's granting BMW AG's Application.

### 4. The Scope of Information BMW AG Seeks is Commensurate with the Information's Relevance to the German Proceedings and Will not Unduly Burden Microchip

Discovery under § 1782 is as broad as discovery under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a). Relevance in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." Fed. R. Civ. P. 45. Indeed, because of this standard and the function of discovery in general, the committee notes contemplate parties amending claims and defenses based on information found in discovery.

In *Intel*, the Supreme Court stated that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. In accordance with the Court's directive to avoid unduly intrusive or burdensome discovery, BMW AG seeks discovery into the following targeted areas:

1) Microchip's knowledge of assignments, agreements, contracts, settlements, proposals, or licenses relating to DE 504 or the '082 patent, including any agreements between Microchip and Sonrai and/or Arigna;

2) The monetary value Microchip places or placed on the Asserted Patent and Related Applications.

    3) Microchip's involvement in Arigna's litigation efforts for DE 504 or the '082 patent against BMW AG, including any knowledge regarding the DE 504 or the '082 patent or communications with Arigna or Arigna's affiliated companies or investors regarding the same;

    4) Any comparison of DE 504 or the '082 patent to any model or version of the Microchip ATMXT540S maXTouch controller or any evaluation, assessment, testing, opinion, or analysis of whether and how the Microchip ATMXT540S maXTouch controller or any other Microchip practices or embodies the inventions allegedly claimed by DE 504 or the '082 patent; and

    5) The conception, reduction to practice, and prosecution of the alleged invention disclosed in the DE 504 or the '082 patent, including any prior art.

See Ex. A, B.

This information is directly relevant to, and narrowly tailored to, BMW AG's defense against allegations of infringement in the Arigna German Action, to potential related damages proceedings, and to BMW AG's allegations of invalidity in any future nullity or opposition proceedings.

Moreover, a deposition is necessary because Microchip's understanding and belief regarding the procurement, sale, and licensing of DE 504—including the authority of the Microchip signatories to such documents, are relevant and may not be contained in documents. A deposition is necessary for BMW AG to investigate ownership history of DE 504 and authority of those who signed any purchase, assignment, or licensing documents, which is relevant to standing in Germany. A deposition is for BMW AG to substantiate Microchip's beliefs regarding the transfers of the patent, including the actual value of the patent transferred, and the consideration paid for the patent. This information, is highly relevant to the value of litigation and of DE 504, as well as the propriety of the patent assignments and standing to sue, but may not be contained in documents.

The relevance of this information is commensurate with the minimal burden its production will place upon Microchip. BMW AG requests a narrow set of specific documents related to highly relevant information. Similarly, BMW AG's proposed deposition topics are narrow and concrete. Thus, the burden on Microchip is outweighed by the relevance of the

information BMW AG seeks, which BMW AG needs to fairly make out its case in Germany. This factor therefore favors this Court's granting BMW AG's Application.

## IV.  CONCLUSION

For the reasons discussed above, BMW AG respectfully requests that this Court enter the proposed order submitted concurrently with this filing pursuant to § 1782(a) authorizing BMW AG to obtain limited discovery from Microchip in substantially similar form as set forth in the proposed discovery requests attached as Exhibits A and B.

DATED this 1st day of April, 2022.

**COPPERSMITH BROCKELMAN PLC**

By: *s/ Marvin C. Ruth*
Marvin C. Ruth
Andrew T. Fox
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

Lionel M. Lavenue (*pro hac vice forthcoming*)

*Attorneys for Applicant Bayerische Motoren Werke AG*

- 15 -