**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Ex Parte Application of Bayerische Motoren Werke AG | No. MC-22-00016-PHX-SPL<br><br>**ORDER** |

Before the Court is the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782(A) to Obtain Discovery for Use in Foreign Proceedings (Doc. 1) filed by Applicant Bayerische Motoren Werke AG. For the following reasons, the application will be granted.

## I.     BACKGROUND

This application arises from a patent infringement action brought by Arigna Technology Limited against Applicant in the Regional Court of Munich I in Germany (the "German Action"). (Doc. 1 at 6). The application seeks discovery—specifically certain documents and a deposition—from Microchip Technology Incorporated ("Microchip"). (Doc. 1 at 6). Microchip is the predecessor-in-interest of the patent at issue in the German Action and has licensed its American equivalent from Arigna. (Doc. 1 at 6; Doc. 1-3 at 48). Applicant asserts that Microchip has "information . . . critical to [Applicant's] defenses against Arigna's patent infringement allegations" in the German Action. (Doc. 1 at 8).

## II.    LEGAL STANDARD

"[A]n ex parte application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, 2014 WL 3845082, *2 (D. Ariz. 2014). "[S]uch ex parte applications are typically justified by the fact that the

parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto *ex parte*. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."). As such, the Court will consider the application on an *ex parte* basis.

The decision whether to grant a § 1782 application involves a two-step inquiry. First, the application must meet the statutory requirements of § 1782. *See, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004). Second, even if the statutory requirements are satisfied, several discretionary factors bear on whether relief ought to be granted. *See Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264 (2004). "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id*.

### III.   STATUTORY REQUIREMENTS

A district court has the authority to issue a discovery order under § 1782 when three criteria are satisfied. The application must show that (1) the person from whom discovery is sought "resides or is found" in the same district as the district court, (2) the discovery material is to be "use[d] in a foreign or international tribunal," and (3) the application is brought by "a foreign or international tribunal or . . . any interested person." 28 U.S.C. § 1782(a).

All three requirements are satisfied here. First, Applicant has provided evidence that Microchip's principal place of business is in Chandler, Arizona. (Doc. 1-3 at 94). Second, the purpose of the application is to acquire information for use in the German Action, which is proceeding in the Regional Court of Munich I, a foreign tribunal. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912, 914. Third, Applicant is the defendant in the German Action and is therefore an "interested person." *Intel Corp.*, 542 U.S. at 256 ("No

doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."). Accordingly, the application meets the statutory requirements

### IV. DISCRETIONARY FACTORS

The Supreme Court has also articulated an additional four discretionary factors for courts to consider in determining whether to grant a request under § 1782, including: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the character and nature of the foreign proceedings and the foreign court's receptivity to judicial assistance from the United States; (3) whether the request is an attempt to avoid evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264–65.

The first factor considers whether the party from whom the applicant seeks discovery is a party in the foreign action because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" since "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264. "This factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015). Here, Microchip is a licensee of Arigna and the predecessor-in-interest of the patent at issue in the German Action. (Doc. 1-3 at 48). Still, Microchip is not a party to the German Action, and it does not appear that Microchip and Arigna are so closely related that Applicant is effectively seeking discovery from Arigna. This factor therefore weighs in favor of granting the application.

Second, there is no evidence that the discovery sought would offend the German court. *See Palantir Techs., Inc.*, 415 F. Supp. 3d at 915 (finding no indication that the German court would be hostile to § 1782 discovery in a patent dispute). "In the absence of

authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted). Thus, this factor favors granting the application.

The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. The Court has no reason to believe that Applicant is doing so here. Applicant has submitted a Declaration from a German attorney that no law or rule in the German Action prevents a party from seeking and using § 1782 discovery. *See In re Varian*, 2016 WL 1161568, at *5. This factor, too, weighs in favor of granting the application.

Finally, the Court must consider whether the discovery sought is unduly burdensome or intrusive. The scope of discovery permitted under § 1782 is coextensive with the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). *See id.* Thus, § 1782 discovery must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Here, Applicant's requested documents and deposition topics appear quite broad, but they are tailored to the patent at issue in the German Action. (Doc. 1-2 at 2–11). At this juncture, then, the Court is satisfied that Applicant has made a prima facie showing that the information it seeks from Microchip is relevant to the German Action. Of course, Microchip is free to contest the subpoenas later based on overbreadth. *See, e.g.*, *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) (granting § 1782 application despite broad subpoena requests because other factors weighed in favor of granting the application, because the information sought was relevant to the foreign action, and because "the Court's ruling here does not preclude Mr. Borja—or for that matter Chevron—from contesting the subpoena based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth).").This discretionary factor, like the other three, favors granting the application. Accordingly,

**IT IS ORDERED** that the *Ex Parte* Application for Order Pursuant to 28 U.S.C. § 1782(A) to Obtain Discovery for Use in Foreign Proceedings (Doc. 1) is **granted**.

Dated this 12th day of April, 2022.

Honorable Steven P. Logan
United States District Judge